1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11   RONNIE MONEY COLEMAN,                 Case No. 3:19-cv-00172-RCJ-WGC

12              Petitioner,                 **ORDER**

13      v.

14   WILLIAM GITTERE, et al.,

15              Respondents.

16

17          This is a habeas corpus action under 28 U.S.C. § 2254.  Currently before the court are

18   respondents' motion to dismiss (ECF No. 49) and petitioner's motion to strike, or, in the

19   alternative, motion for more definite statement (ECF No. 52).  The court finds that respondents

20   have not argued with the necessary specificity how claims in the second amended petition (ECF

21   No. 36) do not relate back to the initial petition (ECF No. 5).  The court thus grants petitioner's

22   motion to strike and strikes the motion to dismiss.

23          On August 17, 2009, the Second Judicial District Court of the State of Nevada convicted

24   petitioner Coleman of robbery with the use of a deadly weapon and assault with a deadly weapon.

25   Ex. 177 (ECF No. 43-17).  Coleman appealed, and the Nevada Supreme Court affirmed on

26   February 28, 2011.  Ex. 201 (ECF No. 44-1).  The Nevada Supreme Court denied rehearing on

27   April 27, 2011.  Ex. 203 (ECF No. 44-3).  For the purposes of the one-year statute of limitation of

28

1   28 U.S.C. § 2244(d)(1)(A), Coleman's judgment of conviction became final on July 26, 2011.

2   Sup. Ct. R. 13(1).

3        Coleman filed a state post-conviction habeas corpus petition on August 17, 2011, 21 days

4   later.  Ex. 205 (ECF No. 44-5).  The one-year period of limitation was tolled while this post-

5   conviction petition was pending in the state courts.  28 U.S.C. § 2244(d)(2).  Ultimately, on

6   November 6, 2018, the Nevada Court of Appeals affirmed the state district court's denial of the

7   petition.  Ex. 299 (ECF No. 46-19).  The state post-conviction proceedings concluded with the

8   issuance of the remittitur on December 3, 2018.  Ex. 300 (ECF No. 46-20).

9        On March 18, 2019, 104 days later, Coleman dispatched his initial federal habeas corpus

10   petition under 28 U.S.C. § 2254 to this court.  ECF No. 5.  A total of 125 non-tolled days passed,

11   making the petition timely.  The court provisionally appointed the Federal Public Defender to

12   represent Coleman on July 1, 2019.  ECF No. 4.  Counsel indicated that he would be able to

13   represent Coleman.  ECF No. 8.  On July 31, 2019, the court formally appointed counsel and set

14   out a schedule for filing an amended petition and subsequent briefing.  ECF No. 9.

15        On November 12, 2019, the one-year period of 28 U.S.C. § 2244(d)(1)(A) expired.

16        On May 28, 2020, after several extensions, Coleman filed his first amended petition.  ECF

17   No. 23.  On March 1, 2021, Coleman filed his operative second amended petition.  ECF No. 36.

18   Respondents then filed their motion to dismiss.  ECF No. 39.

19        The motion to strike concerns respondents' argument that the second amended petition is

20   untimely and should be dismissed.  It is undisputed that Coleman filed the second amended

21   petition after the one-year period expired.  Respondents argue that none of the claims of the

22   second amended petition relate back unless Coleman demonstrates that the claims relate back.

23   ECF No. 49 at 6-8.  Coleman argues that respondents did not give him fair notice of which claims

24   do not relate back.  ECF No. 52 at 4-6.  Respondents counter that under decisions governing the

25   pleading of affirmative defenses they need only state that affirmative defense that the second

26   amended petition is barred by the statute of limitations, and they have explained how the second

27   amended petition is untimely.  ECF No. 60 at 5-7.

28

2

The court starts with Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  It states, "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

Habeas Rule 5(b) governs the content of the answer.  It states, "The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."  Already, there is a problem with respondents' argument.  Respondents simply state that the entire second amended petition is untimely, but Rule 5(b) requires them to plead how any claim is barred by the statute of limitations.

Respondents have filed a motion to dismiss, not an answer.  The Habeas Rules are silent about motions to dismiss.  Respondents do not argue that Rules 8 and 12 of the Federal Rules of Civil Procedure ("Civil Rules"), governing motions to dismiss and the pleading standards for defenses, apply to habeas corpus proceedings.  They seem to take it for granted, or they interpret Habeas Rule 12 to allow application of Civil Rules 8 and 12.

Respondents' unstated assumption or interpretation leads to an inconsistency.  If they filed an answer, then under Rule 5(b) they would need to argue in that answer how each claim, if any, is barred by the statute of limitations.  That argument necessarily would include an explanation how the claim does not relate back to an earlier, timely petition.  Under respondents' assumption or interpretation, if they filed a motion to dismiss, they simply need to state that the entire petition is untimely, and then it is upon the petitioner to demonstrate relation back.  Respondents thus would have an easier time obtaining a dismissal by filing a motion to dismiss than by filing an answer.  This means that application of Civil Rules 8 and 12 are inconsistent with the Habeas Rules, and under Habeas Rule 12 those Civil Rules should not be applied.

Respondents might argue in response that they need only follow Civil Rule 8(c)'s pleading requirement for the affirmative defense of timeliness even if they filed an answer.  To that, the court would disagree.  It must be remembered what a petition for a writ of habeas corpus is:  A challenge by a person who is in custody as to the validity of that custody.  It also must be

remembered that most habeas corpus petitioners are <u>pro se</u>.  On occasion, the court will require a pro se petitioner to file an amended petition to correct defects in form, such as an incorrect respondent, a missing signature, or a failure to allege a constitutional violation.  The pro se petitioner then files an amended petition that corrects the defects and that re-alleges all the claims; many times, the amended petition is a photocopy of the initial petition with the defects corrected.  Under respondents' logic, if the petitioner files that amended petition after expiration of the one-year period, then they would file a motion to dismiss claiming that the petition is untimely unless the petitioner demonstrates that the claims relate back.  That would be frivolous and a waste of time.  On other occasions, an amended petition will have changes in the allegations; either the petitioner decides himself to file an amended petition or the court directs the filing of an amended petition to correct a defect in the allegations.  If such a petition was filed after expiration of the one-year period, and if respondents filed a motion to dismiss like the instant motion to dismiss, then an unsophisticated petitioner would respond with absolute befuddlement.  A dismissal under those circumstances, for not opposing the motion to dismiss, would be unjust.  The court would be left picking through the amended petition and the initial petition, trying to make or disprove respondents' argument for them.

Other parts of Rule 5 support this court's determination generally.  Rule 5(c) requires respondents to indicate what transcripts are available and what proceedings have not been transcribed.  Rule 5(c) also requires respondents to file parts of the transcript that the respondents think are relevant.  Rule 5(d) requires the respondents to provide the briefs that the petitioner and the prosecution filed in the state courts, and also the state courts' decisions.  Respondents, who have better access to the necessary documents than a <u>pro se</u> petitioner has, must provide them to the court, even if those documents would lead to the court granting relief to the petitioner.  In sum, Rule 5 requires the respondents to do some of the work that, in any other civil action, the plaintiff would need to do.

Respondents' argument that the petition is untimely is a marked change from their previous practice.  Until recently, respondents would argue how particular claims in an amended petition do not relate back.  Respondents base their new argument upon statements in <u>Ross v.

4

1   Williams, 950 F.3d 1160, 1167, 1172 (9th Cir. 2020) (en banc), that, in determining whether

2   claims in an amended petition relate back to an earlier timely petition, including its exhibits, then

3   the respondents and the district court will have the benefit of the petitioner's briefing.  The issue

4   in Ross was whether an untimely amended petition could relate back to a vague or skeletal initial

5   petition, with a state-court ruling or other exhibits attached.  Id. at 1167.

6          Respondents' argument based on Ross is not persuasive for two reasons.  First, specific to

7   this case, it is not the same situation as Ross.  Coleman did not file a bare-bones initial petition

8   with a sheaf of exhibits.  He filed an initial petition filled with allegations and without any

9   exhibits.  See ECF No. 5.  Respondents would have no trouble comparing the claims in the

10  second amended petition with the claims in the initial petition to see if the claims in the second

11  amended petition relate back.  Second, as a general matter, Ross did not attempt to announce a

12  new rule that allowed respondents to argue that an entire petition is untimely unless the petitioner

13  can demonstrate relation back.

14         Respondents cite four more decisions in support of their argument:  Wilkins-Jones v.

15  County of Alameda, 2012 WL 3116025 (N.D. Cal. July 31, 2012), Coons v. Industrial Knife Co.,

16  Inc., 620 F.3d 38 (1st Cir. 2010), Moore v. Horel, 2009 WL 2513920 (E.D. Cal. Aug. 17, 2009),

17  and Grant v. Reed, 2013 WL 2147798 (M.D. Fla. May 16, 2013).  These decisions all note that

18  the burden of proving relation back is upon the petitioner.  However, the burden of proof is not

19  the issue.  The issue is whether respondents need only move to dismiss on the basis that Coleman

20  filed the second amended petition after the expiration of the one-year period, without

21  demonstrating which claims are untimely.

22         Two cases are irrelevant.  Wilkins-Jones and Coons both were ordinary civil actions.  The

23  issue in each case was whether the addition of a new party by amendment related back to the

24  earlier timely complaint.  Coleman is not trying to add a new party, and the relation-back

25  discussions in those two decisions are of little use in a habeas corpus case.

26         The other two cases undermine respondents' argument.  Moore and Grant were habeas

27  corpus cases.  In each case, the petitioner filed an amended petition after expiration of the one-

28  year period, and relation back was an issue.  The federal district court in each case noted that the

1  petitioner has the burden of proving relation back.  However, this court looks not only at what its

2  sister district courts said, but also at what the respondents in each case did.  In each case, the

3  respondents identified specific claims—some but not all claims in <u>Moore</u> and all claims in

4  <u>Grant</u>—and argued that those claims had no relation back to timely filed claims.  <u>Moore</u>, 2009

5  WL 2513920, at *2, <u>Grant</u>, 2013 WL 2147798 at *1-*2.  The respondents in those cases thus

6  followed Habeas Rule 5(b), and they did exactly what respondents in this action argue that they

7  need not do.  <u>Moore</u> and <u>Grant</u> persuade this court that respondents need to identify which claims

8  of the second amended petition do not relate back to the initial petition.

9        The court thus will grant the motion to strike.  If respondents can identify a particular

10 claim or claims that do not relate back to the initial petition, then they may file a new motion to

11 dismiss that explain how each claim does not relate back.

12       IT THEREFORE IS ORDERED that petitioner's motion to strike or, in the alternative,

13 motion for more definite statement (ECF No. 52) is **GRANTED**.  The clerk of the court is

14 directed to **STRIKE** the motion to dismiss (ECF No. 49).

15       IT FURTHER IS ORDERED that respondents will have 60 days from the date of entry of

16 this order to file a new motion to dismiss or to file an answer.  The briefing schedule of the court's

17 order of July 31, 2019 (ECF No. 9) otherwise remains in effect.

18       DATED:  January 14, 2022.

19

20       ROBERT C. JONES
         United States District Judge

21

22

23

24

25

26

27

28

6