UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONNIE COLEMAN, | Case No. 3:19-cv-00172-RCJ-CSD |
| Petitioner, | **ORDER** |
| v. | |
| WILLIAM GITTERE, et al., | |
| Respondents. | |

Counseled Petitioner Ronnie Coleman, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), petitions for a writ of habeas corpus under 28 U.S.C. § 2254. In his second amended petition, Coleman argues that his trial and appellate counsel were ineffective, the trial court failed to require that the jury find that he aimed a firearm at an officer and improperly precluded his cross-examination of witnesses, and several jury instructions were flawed. (ECF No. 36.) Respondents move to dismiss Coleman's second amended petition, arguing that (1) the second amended petition is untimely and grounds 1(b), 3(b), and 5 do not relate back to a timely-filed petition; (2) grounds 1(a), 1(b), 4(b), and 5 are unexhausted; and (3) grounds 1(a) and 1(b) are conclusory. (ECF No. 69.)

**I.    BACKGROUND**

Coleman challenges his 2009 Nevada state convictions, pursuant to a jury trial, of robbery with the use of a deadly weapon and assault with a deadly weapon. (ECF No. 43-17.) Coleman is serving a 14-to-36-year sentence. (*Id.*) Coleman appealed his judgment of conviction, and the Nevada Supreme Court affirmed. (ECF No. 44-1 at 2.) Coleman sought state post-conviction relief, but the state district court denied his petition. (ECF No. 45-1.) The Nevada Court of Appeals reversed the denial and remanded the matter to the state district court to "consider whether

appointment of new post-conviction counsel or some other remedy is necessary." (ECF No. 45-17.) Following the remand, the state district court again denied Coleman's petition. (ECF No. 46-3.) The Nevada Court of Appeals affirmed the denial. (ECF No. 46-19.)

Coleman transmitted his *pro se* federal habeas corpus petition on or about March 18, 2019. (ECF No. 5.) This Court appointed counsel for Coleman, and counsel filed a first amended petition. (ECF Nos. 9, 23.) Coleman then sought leave to file a second amended petition, and this Court granted the request. (ECF No. 35.) Counsel filed a second amended petition on March 1, 2021. (ECF No. 36.) Respondents moved to dismiss Coleman's second amended petition, but this Court granted Coleman's motion to strike the motion to dismiss. (ECF No. 64.) Respondents have now filed a new motion to dismiss. (ECF No. 69.) Coleman has responded, and Respondents have replied. (ECF Nos. 77, 80.)

**II.  DISCUSSION**

    **A.  Relation back**

Respondents argue that Coleman's second amended petition was filed after his limitations period expired, and because grounds 1(b), 3(b), and 5 do not relate back to Coleman's original petition, this Court must dismiss them as untimely. (ECF No. 69 at 7.)

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence.

*Id.* at 655–64. Rather, habeas claims asserted in an amended petition relate back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, the parties do not dispute that the claims in Coleman's second amended petition must relate back to his timely, original federal *pro se* petition to be deemed timely. (*See* ECF Nos. 69 at 8; 77 at 2; 80 at 2.)

### 1.     Ground 1(b)

In ground 1(b) of his second amended petition, Coleman alleges that his trial counsel failed to move to suppress evidence from his detention on the basis that Officer Weaver's stop was pretextual and based upon his race. (ECF No. 36 at 13.) Rather, Coleman alleges that his trial counsel only moved to suppress the evidence by arguing that Officer Weaver lacked reasonable suspicion to stop him. (*Id.*) Relatedly, Coleman also alleges that his trial counsel failed to argue that Officer Weaver seized him based on the preconceived notion that Coleman was engaged in criminal activity because of the color of his skin and to investigate whether there were any complaints of racial profiling made against Officer Weaver. (*Id.*)

In ground 7 of his original federal petition, Coleman alleged that he "motioned, direct appealed, and post conviction relief [sic] to the evidence used against [him] for illegal seizure." (ECF No. 5 at 20.) Coleman explained: "[t]he Court failed to view that Officer Weaver immediately upon seeing [him] he assumed [he] was a burglary suspect, and accosted [him,] threw

the window to detain [him], and should have had reasonable objective information to detain [him]." (*Id.*) Moreover, in ground 15(n) of his original federal petition, Coleman alleged that "counsel failed to have Weavers' prior bad acts to be viewed for racial profile." (*Id.* at 41.) Coleman explained: "[t]he incidents of Weaver in February, May, and December of 2016 expose Weavers' biasness to nonwhites, and should have been allowed for racial profile." (*Id.*)

Ground 1(b) of the second amended petition addresses Coleman's trial counsel's ineffectiveness, suppression of evidence, and racial profiling. And grounds 7 and 15(n) of the original petition, when combined, address Coleman's trial counsel's ineffectiveness, suppression of evidence, and racial profiling. Because the grounds are tied to the same core of operative facts, ground 1(b) relates back and is timely. *Mayle*, 545 U.S. at 659 n.5.

**2.     Ground 3(b)**

In ground 3(b) of his second amended petition, Coleman alleges that his Sixth Amendment right to confrontation was violated when the trial court precluded his trial counsel from cross-examining Rosie Davis on a potential motive to fabricate. (ECF No. 36 at 19.) Coleman explains that his trial counsel was precluded from (1) establishing that Davis felt that her court-appointed attorney was incompetent and that the only way to stay out of prison was to please the prosecutors, and (2) obtaining Davis's bank records which would have supported his theory that Davis had a financial need to engage in prostitution. (*Id.*)

In ground 5 of his original federal petition, Coleman alleged that his "counsel was precluded from doing a full endepth [sic] cross-examination of witness . . . Davis." (ECF No. 5 at 15.) Coleman explained, "[t]he content of Davis character was also attempted to be exposed so the jury could discredit her testimony in whole or in part. The Court's precluding questions stopped such efforts." (*Id.*)

4

Ground 3(b) of the second amended petition addresses confronting Davis to expose her motives in testifying. And ground 5 of the original petition addresses his inability to fully cross-examine Davis and discredit her testimony. Because the grounds are tied to the same core of operative facts, ground 3(b) relates back and is timely. *Mayle*, 545 U.S. at 659 n.5.

### 3. Ground 5

In ground 5 of his second amended petition, Coleman alleges that he was denied the effective assistance of appellate counsel because his appellate counsel failed to challenge Jury Instruction Nos. 33, 35, and 36. (ECF No. 36 at 23.) In ground 13 of his original federal petition, Coleman challenged these same jury instructions, arguing (1) that Jury Instruction Nos. 33 and 36 "claim[ed] special circumstances must exist to be stopped and [he] was free to walk away," but because he was not free to walk away, Jury Instructions Nos. 33 and 36 were misleading, and (2) Jury Instruction No. 35 took "away an accidental or negligent shooting" and "justifie[d] the shooting as if [Officer] Weaver honestly and reasonably believed he was shooting in self defense." (ECF No. 5 at 33.)

The governing principle is that a claim based upon a different legal theory that is tied to the same core of operative facts relates back to the prior claim. *Mayle*, 545 U.S. at 659 n.5. While based on different underlying legal premises, both ground 5 of the second amended petition and ground 13 of the original petition are tied to the same core of operative facts: Jury Instructions No. 33, 35, and 36 were misleading. As such, ground 5 relates back and is timely.

### B. Exhaustion

Respondents argue that Coleman failed to properly exhaust grounds 1(a), 1(b), 4(b), and 5. (ECF No. 69 at 10.)

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

A state appellate court decision on the merits of a claim exhausts the claim. *E.g., Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015). "In the exhaustion context, the Supreme Court has admonished lower courts that the complete exhaustion requirement is not intended to 'trap the unwary pro se prisoner.'" *Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (rejecting argument that petitioner should be limited to claims in an initial federal petition after returning to federal court from state exhaustion proceedings)). "More generally, the Court has held pro se pleadings to a less stringent standard than briefs by counsel and reads pro se pleadings generously, 'however inartfully pleaded.'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

6

Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). "A claim has not been fairly presented in state court if new factual allegations either fundamentally alter the legal claim already considered by the state courts, or place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it." *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (en banc) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988) (internal quotation marks omitted). But a petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard v. Connor*, 404 U.S. 270, 277–78 (1971).

### 1. Ground 1(a)

In ground 1(a) of his second amended petition, Coleman alleges that his trial counsel failed to move to sever the counts related to the robbery from those related to the police shooting and instead moved to join the initial information with the grand jury indictment. (ECF No. 36 at 12.) In his opening brief on post-conviction appeal, Coleman alleged that he "received ineffective assistance of counsel when his first trial attorney . . . filed a Motion for Joinder (rather than [a motion] severing the charges)" regarding "the four counts in the Criminal Complaint . . . with [the] two additional charges issued by the Grand Jury." (ECF No. 46-13 at 12.) Coleman noted that the state district court dismissed this ground, finding that Coleman "ha[d] not alleged facts sufficient to demonstrate that trial counsel's failure to prevent the joinder of charges resulted in prejudice to the defense." (*Id.* at 12–13.) In his opening brief on post-conviction appeal, Coleman stated that "[t]his claim [was] presented for purposes of exhaustion and no argument [was] being offered." (*Id.* at 13 n.2.) As such, the Nevada Court of Appeals declined to consider the claim "[b]ecause

Coleman fail[ed] to support the[ ] claim[ ] with relevant authority or cogent argument." (ECF No. 46-19 at 7.)

Although it is unclear why Coleman did not argue this ground before the Nevada Court of Appeals, it is clear that Coleman fairly presented this claim to the state courts by presenting it for exhaustion purposes. Ground 1(a) is exhausted.

**2.     Ground 1(b)**

As a reminder, in ground 1(b) of his second amended petition, Coleman alleges that his trial counsel failed to move to suppress evidence from his detention on the basis that the Officer Weaver's stop was pretextual and based upon his race. (ECF No. 36 at 13.) In his supplemental state habeas petition, Coleman argued that he "was denied effective assistance of counsel . . . because counsel failed to argue that the chasing and shooting of [him] by Officer Weaver was racially motivated." (ECF No. 44-24 at 6.) Coleman elaborated: "[t]rial counsel should have moved the court . . . to present Officer Weaver's use of force as racially motivated, and moved to present it to the jury in order to demonstrate intent and motive, as well as to attack Officer Weaver's credibility." (*Id.* at 8.) The state district court dismissed this ground, finding that "trial counsel was not ineffective for failing to attempt to admit Officer Weaver's personnel records because the records would not have been indicative of Officer Weaver's motive or intent in pursuing and shooting [Coleman] and therefore would have constituted impermissible propensity or bad act evidence." (ECF No. 77-1 at 13.) In his opening brief on post-conviction appeal, Coleman alleged that his "counsel failed to argue that the chasing and shooting of [him] by Officer Weaver was racially motivated." (ECF No. 46-13 at 31.) Coleman explained: "When an officer arrests a citizen because of hostility toward a suspect or a class of suspects, such as members of racial minority groups, the officer's actions are the result of bad faith." (*Id.*) The Nevada Court of Appeals

described this claim as follows: "Coleman argues the district court erred by dismissing his claim counsel was ineffective for failing to argue Officer Weaver's chasing and shooting of Coleman was racially motivated without first conducting an evidentiary hearing." (ECF No. 46-19 at 5.)

Respondents argue that Coleman did not allege in his state appeal that counsel should have moved to suppress evidence obtained from the stop. (ECF No. 69 at 12.) Respondents are correct. In his second amended petition, Coleman alleges that his trial counsel failed to move to suppress evidence regarding Officer Weaver's racial motivated stop, but in his state court proceedings he argued that his trial counsel failed to present Officer Weaver's actions regarding the stop as racially motivated to attack his credibility. Although Coleman reformulated this claim, the Court concludes that the substance of Coleman's argument is the same: his trial counsel had evidence to support that the stop was racially motivated, but he failed to introduce this evidence at any point before or during the trial. *See Picard*, 404 U.S. at 277–78 ("Obviously there are instances in which the ultimate question for disposition will be the same despite variations in the legal theory or factual allegations urged in its support.... We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts.") (internal citations and quotation marks omitted). Therefore, ground 1(b) is exhausted.

### 3.     Grounds 4(b) and 5

In ground 4(b) of his second amended petition, Coleman alleges that Jury Instruction Nos. 33, 35, and 36 were confusing, misleading, and/or misstatements of law. (ECF No. 36 at 20–21.) And in ground 5 of his second amended petition, Coleman alleges that he was denied the effective assistance of appellate counsel because his appellate counsel failed to challenge Jury Instruction Nos. 33, 35, and 36. (ECF No. 36 at 23.)

In his *pro se* state habeas petition, Coleman challenged Jury Instruction Nos. 33, 35, and 36. (ECF No. 44-5 at 43.) The state district court denied this claim because it "could have been raised on direct appeal." (ECF No. 77-1 at 10.) In his opening brief on post-conviction appeal, Coleman alleged that "certain jury instructions were misleading, bias[ed], or inappropriate," including Jury Instructions Nos. 33, 35, 36. (ECF No. 46-13 at 30.) Coleman explained that "this claim should have been considered by the district court as an ineffective assistance of counsel claim for failing to raise these issues on appeal, and that the district court erred by not holding an evidentiary hearing on whether appellate counsel was ineffective." (*Id.*) The Nevada Court of Appeals held that "[t]he burden of pleading claims as ineffective assistance of appellate counsel rests with petitioner, and the district court did not err by not construing Coleman's claims as ineffective assistance of appellate counsel claims." (ECF No. 46-19 at 6.)

Where claims are presented for the first time in a procedurally inadequate or improper manner, such claims are not exhausted. A state may mandate that a petitioner use a particular procedure for a particular type of claim "so long as the right of review is not foreclosed or unduly limited." *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983) (quoting *Thompson v. Procunier*, 539 F.2d 26, 28 (9th Cir. 1976) (per curiam)). If the petitioner fails to invoke the required procedure, exhaustion is not satisfied even if the petitioner raises the claim through an alternative procedure. *See Kellotat*, 719 F.2d 1030 (petitioner failed to exhaust state remedies in Oregon by raising improper denial of appointment of appellate counsel on direct appeal instead of in post-conviction proceedings); *Gibbons v. Dir., Nevada Dep't of Prisons*, 50 F.3d 14 (9th Cir. 1995) (affirming that petitioner's ineffective assistance claims were not exhausted by direct appeal since "the Nevada Supreme Court declined to address ineffective assistance of counsel on direct review") (unpublished).

Because Coleman presented ground 4(b) for the first and only time in a procedural context in which its merits would not be considered, Coleman has not fairly presented it to the state courts. Ground 4(b) is unexhausted.[1] And because Coleman failed to fairly present ground 5 to the state courts by structuring it initially as an ineffective-assistance-of-appellate-counsel claim, it is also unexhausted.

### C.   Conclusory allegations

Respondents argue that Coleman failed to properly plead specific facts in support of grounds 1(a) and 1(b). (ECF No. 69 at 15.) Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)") requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Notice pleading is not sufficient to satisfy the specific pleading requirements for federal habeas petitions. *Mayle*, 545 U.S. at 655–56 (noting that Rule 8(a) of the Federal Rules of Civil Procedure requires only "fair notice" while Habeas Rule 2(c) "is more demanding," mere legal conclusions without facts are not sufficient— "it is the relationship of the facts to the claim asserted that is important"). Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle*, 545 U.S. at 649; *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). A claim for relief is facially plausible when the pleading alleges facts that allow the court to draw a reasonable inference that the petitioner is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although *pro se* pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), conclusory allegations unsupported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

---

[1]This Court notes that Coleman did not address ground 4(b) in his response to the motion to dismiss. (*See* ECF No. 77.)

### 1.     Ground 1(a)

In ground 1(a) of his second amended petition, Coleman alleges that his trial counsel failed to file a motion to sever the counts related to the robbery from those related to the police shooting and by filing a motion to join the charges. (ECF No. 36 at 12.) Respondents argue that this ground is conclusory because Coleman fails to state any facts or law to demonstrate that counsel's error in moving to join the charges was so serious that counsel violated his constitutional rights. (ECF No. 69 at 17.) This Court disagrees.

Coleman alleged generally that (1) "[t]he failures of [his] various attorneys resulted in a breach of his constitutional right to effective counsel," (2) he "was prejudiced by his lawyer's performance," and (3) "[a] reasonable likelihood exists that, but for his lawyer's deficient performance, the jury would have rendered a different verdict." (ECF No. 36 at 11–12.) And then Coleman alleged specifically: (1) his trial counsel should have filed a motion to sever because the two incident were distinct in that "Officer Weaver did not know Mr. Coleman had committed an armed robbery at the time he attempted to seize Mr. Coleman," (2) counsel's "decision to join, rather than sever the counts, was objectively unreasonable," and (3) "failure to sever the charges likely prejudiced the jury on the assault with a deadly weapon charge." Because Coleman states the facts supporting ground 1(a), it is not conclusory.

### 2.     Ground 1(b)

In ground 1(b) of his second amended petition, Coleman alleges that his trial counsel failed to move to suppress evidence from his detention on the basis that the Officer Weaver's stop was pretextual and based upon his race. (ECF No. 36 at 13.) Respondents argue that Coleman "fails to demonstrate how one incident of force against a black man equates to racial bias" and "does not provide any facts establish[ing] how the evidence collected when he was detained prejudiced him

at trial." (ECF No. 69 at 18.) This Court disagrees. Rather than equating "one incident of force against a black man . . . to racial bias," Coleman describes an *in camera* review of Officer Weaver's employment records and "a purported incident in February 2006 where Officer Weaver was involved in an incident" where he broke a black man's nose. (ECF No. 36 at 14.) And regarding Respondents' second point, Coleman did allege, generally, that "[a] reasonable likelihood exists that, but for his lawyer's deficient performance, the jury would have rendered a different verdict." (*Id.* at 11.) Because Coleman states the facts supporting ground 1(b), it is not conclusory.

### III.     COLEMAN'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court concludes that grounds 4(b) and 5 are unexhausted. Because the Court finds that the petition contains unexhausted claims, Coleman has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[2] or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

---

[2]This Court makes no assurances as to the timeliness of any future-filed petition.

13

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If Coleman wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Coleman to reply. Or Coleman may file a declaration voluntarily abandoning his unexhausted claims, as described above. Coleman's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Coleman is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Respondents' motion to dismiss **[ECF No. 69] is GRANTED in part** as follows: grounds 4(b) and 5 are unexhausted.

IT IS FURTHER ORDERED that Petitioner has 30 days from the date of this order to inform the Court which one of the following three options he chooses: (1) inform the Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds and proceed on the exhausted grounds; OR (2) inform the Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust the unexhausted

grounds; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted grounds. If Petitioner chooses to file a motion for a stay and abeyance or seek other appropriate relief, Respondents may respond according to Local Rule 7-2.

IT IS FURTHER ORDERED that if Petitioner elects to abandon his unexhausted grounds, Respondents will have 60 days from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Petitioner will then have 30 days from the date of service of Respondents' answer to file a reply.

Dated: September 20, 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT COURT